# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INELL TUCKER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4056-WBV-MBN** |
| **UNITED STATES OF AMERICA** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is the Government's Motion in Limine to Limit Testimony of Decedent's Treating Physicians.[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **GRANTED**.

## I.    Background

On April 18, 2018, Inell Tucker, Tanya Craft and Chukym Tucker (collectively, "Plaintiffs"), filed a Complaint in this Court, seeking damages under the Federal Tort Claims Act for the death of Terry Tucker.[3] Plaintiffs sued the United States of America as the operator of the Southeast Louisiana Veterans Healthcare Services healthcare facility in New Orleans (the "VA Hospital"), alleging that Mr. Tucker died of esophageal cancer due to the medical malpractice of his healthcare providers at the VA Hospital, including Dr. Urszula Moroz, who failed to timely diagnose and treat his condition.[4]

---

[1] R. Doc. 33.
[2] R. Doc. 47.
[3] R. Doc. 1.
[4] *Id.*

The Government filed the instant Motion on July 16, 2019, seeking to limit the testimony of Mr. Tucker's treating physicians who treated him outside of the VA Hospital to their specific treatment of Mr. Tucker.[5] The Government asserts that Plaintiffs identified eight such treating physicians in their witness list, including: (1) Dr. Sarath Krishnan; (2) Dr. Todd Layman; (3) Dr. Sekar; (4) Dr. John Daigle; (5) Dr. John Bolton; (6) Nurse Practitioner Kimberly Drake; (7) Dr. Nagarajan Chandrasekaran; and (8) Dr. Raymond Gould.[6] The Government argues that because Mr. Tucker's treating physicians are non-retained expert witnesses, Plaintiffs were required to produce written disclosures for each treating physician under Fed. R. Civ. P. 26(a)(2)(C), stating (1) the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.[7] The Government asserts that Plaintiffs have not provided any expert witness disclosures for these treating physicians, and that the deadline for such disclosures was 90 days before trial, or June 18, 2019.[8] The Government claims that Plaintiffs have merely produced medical records from each treating physician, which is not sufficient under Rule 26(a)(2)(C). As such, the Government argues that the treating physicians' testimony must be strictly confined to any facts and opinions contained in their medical records,

---

[5] R. Doc. 33.
[6] R. Doc. 33-1 at pp. 6-7 (*citing* R. Doc. 31). The Government also asserts that Plaintiffs identified those eight physicians, as well as Dr. John Vajner, III, Dr. Jean Turner, Dr. Ryan Hebert and Dr. Oussama Nachar, as potential expert witness in their May 13, 2019 supplemental discovery responses. R. Doc. 33-1 at p. 7 (*citing* R. Doc. 33-3).
[7] R. Doc. 33-1 at p. 5 (*quoting* Fed. R. Civ. P. 26(a)(2)(C)).
[8] R. Doc. 33-1 at p. 7.

and that they cannot testify about the standard of care, causation or any other opinions not contained in their records.

Plaintiffs oppose the Motion, but only to the extent that the Government seeks to divest Mr. Tucker's treating physicians of the opportunity to defend themselves on the witness stand if the Government alleges at trial that any of the treating physicians breached the standard of care.[9]  Plaintiffs assert that they do not intend to have any of Mr. Tucker's treating physicians who treated him outside the VA Hospital testify regarding the standard of care for the VA Hospital or Dr. Moroz, any breach of that standard of care, causation or Mr. Tucker's injuries and/or damages.[10] Instead, Plaintiffs assert that they intend to have the treating physicians testify only as to their individual care and treatment of Mr. Tucker, as reflected in their own medical records.[11]  Plaintiffs, however, oppose the Motion out of an abundance of caution, and ask the Court to allow Mr. Tucker's treating physicians the opportunity to defend themselves on the witness stand if the Government, in a "surprise attack," alleges that the treating physicians breached the standard of care.[12]

## II.     Law and Analysis

At the outset, the Court notes that the Government does not object to Mr. Tucker's treating physicians testifying at trial.  Instead, the Government seeks to limit the testimony of the treating physicians to the facts and opinions contained in

---

[9] R. Doc. 47 at p. 2.
[10] *Id.*
[11] *Id.*
[12] *Id.*

their medical records because Plaintiffs did not produce summary witness disclosures under Fed. R. Civ. P. 26(a)(2)(C) for any of the treating physicians.[13]

Federal Rule of Civil Procedure 26 requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[14]  Rule 26 also imposes disclosure requirements upon proponents of expert testimony, which differ depending upon whether the expert witness was retained or specially employed to give expert testimony.[15]  Experts retained by a party must provide an expert report pursuant to Rule 26(a)(2)(B).[16]  Before 2010, non-retained expert witnesses, such as treating physicians, were exempt from the disclosure requirements of Rule 26.[17]  In 2010, however, Congress added Rule 26(a)(2)(C), which subjects non-retained experts to a separate, less stringent disclosure regime than their retained counterparts.[18]  Under Rule 26(a)(2)(C), non-retained experts must provide a written disclosure stating: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify.[19]  The 2010 Advisory Committee Notes

---

[13] R. Doc. 33 at p. 1; R. Doc. 33-1 at p. 9.

[14] Fed. R. Civ. P. 26(a)(2)(A).

[15] *See* Fed. R. Civ. P. 26(a)(2)(A), (B) & (C); Fed. R. Civ. P. 26 Advisory Committee's Notes (2010 Amendment).

[16] *Sheppard v. Liberty Mutual Insur. Co.*, Civ. A. No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (citing *Hooks v. Nationwide Housing Systems, LLC*, Civ. A. No. 15-729, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016)).

[17] *Sheppard*, Civ. A. No. 16-2401, 2017 WL 467092, at *1 (citing *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134, at *3); *See Perdomo v. United States*, Civ. A. No. 11-2374, 2012 WL 2138106, at *1 (E.D. La. 20120).

[18] *Sheppard*, Civ. A. No. 16-2401, 2017 WL 467092, at *1 (citing *Perdomo*, Civ. A. No. 11-2374, 2012 WL 2138106, at *1).

[19] Fed. R. Civ. P. 26(a)(2)(C).

pertaining to Rule 26(a)(2)(C) make clear that treating physicians fall under this limited disclosure requirement.[20]

Here, the Government claims that Plaintiffs failed to produce any Rule 26(a)(2)(C) disclosures for Mr. Tucker's treating physicians who treated him outside of the VA Hospital. Plaintiffs do not dispute this fact. Plaintiffs also do not contest the Government's assertion that Plaintiffs have produced medical records from each of Mr. Tucker's treating physicians.[21] Although "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C),"[22] Plaintiffs have not argued that Mr. Tucker's treating physicians can offer expert testimony at trial based upon the opinions contained in their medical records. Instead, Plaintiffs claim that they intend to have Mr. Tucker's treating physicians testify only to their individual care and treatment of Mr. Tucker, as reflected in their own medical records.[23] Thus, the parties seem to agree that Mr. Tucker's treating physicians will only testify regarding the facts and opinions contained in their medical records and used in their individual treatment of Mr. Tucker.

To the extent Plaintiffs "expect" this Court to allow Mr. Tucker's treating physicians "an opportunity to defend themselves on the witness stand" if the Government alleges that any of the treating physicians breached the standard of care, the Court rejects Plaintiffs' contention as both unfounded and premature. The Court

---

[20] *Sheppard*, Civ. A. No. 16-2401, 2017 WL 467092, at *1; *See* Fed. R. Civ. P. 26 Advisory Committee's Notes (2010 Amendment).
[21] *See* R. Doc. 33-1 at p. 5; R. Doc. 47.
[22] *Sheppard*, Civ. A. No. 16-2401, 2017 WL 467092, at *2 (citing *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134, at *5).
[23] R. Doc. 47 at p. 2.

shall rule on objections to testimony as they arise. Further, "Failure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1)."[24] Such excluded witnesses or information may not be used to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[25] Here, Plaintiffs have not asserted that their omission of Rule 26(a)(2)(C) disclosures for Mr. Tucker's treating physicians was either justified or harmless. Accordingly, Mr. Tucker's treating physicians are prohibited from offering any expert opinion testimony, regardless of the Government's allegations at trial. Specifically, Mr. Tucker's treating physicians may not testify about the standard of care, causation or any other opinions not contained in their medical records. Their testimony is limited to their treatment of Mr. Tucker.

## III.  Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that the Government's Motion in Limine to Limit Testimony of Decedent's Treating Physicians[26]is **GRANTED.**  Mr. Tucker's treating physicians may only testify as to the facts and opinions contained in their respective medical records and may not offer

---

[24] *Sheppard*, Civ. A. No. 16-2401, 2017 WL 467092, at *2 (citing *Hooks*, Civ. A. No. 15-729, 2016 WL 3667134, at *3).

[25] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, Civ. A. No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012) (*quoting* Fed. R. Civ. P. 37(c)(1)) (internal quotation marks omitted).

[26] R. Doc. 33.

any expert opinion testimony at trial.

New Orleans, Louisiana, September 4, 2019.

**WENDY B. VITTER**
**United States District Judge**