UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INELL TUCKER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4056-WBV-MBN** |
| **UNITED STATES OF AMERICA** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is the Government's Motion in Limine to Exclude the Written Report and Testimony of Plaintiffs' Retained Expert Witness, Dr. Thomas Waits (the "Motion").[1] The Motion is opposed[2] and the Government has filed a Reply.[3] For the reasons that follow, the Motion is **GRANTED in part** and **DENIED in part**.

### I. Background

On April 18, 2018, Inell Tucker, Tanya Craft and Chukym Tucker (collectively, "Plaintiffs"), filed a Complaint in this Court, seeking damages under the Federal Tort Claims Act for the death of Terry Tucker.[4] Plaintiffs sued the United States of America as the operator of the Southeast Louisiana Veterans Healthcare Services healthcare facility in New Orleans (the "VA Hospital"), alleging that Mr. Tucker died of esophageal cancer due to the medical malpractice of his healthcare providers at the

---

[1] R. Doc. 34.
[2] R. Doc. 53.
[3] R. Doc. 71.
[4] R. Doc. 1.

VA Hospital, including Dr. Urszula Moroz, who failed to timely diagnose and treat his condition.[5]

The Government filed the instant Motion on July 17, 2019, seeking to exclude the written report and testimony of Plaintiffs' retained expert witness, Dr. Thomas Waits, an oncology and hematology specialist.[6] The Government asserts that Dr. Waits' expert report fails to comply with Fed. R. Civ. P. 26(a)(2)(B) because it is conclusory, fails to articulate the basis and reasons for Dr. Waits' opinions and fails to fully articulate the facts or data considered by Dr. Waits in forming his opinion.[7] Due to the conclusory nature of his report, the Government asserts that Dr. Waits' anticipated testimony should be excluded because it is not reliable under Fed. R. Evid. 702. The Government further argues that the Court should exclude Dr. Waits' expert report and prohibit him from testifying in this case under Fed. R. Civ. P. 37(c). Alternatively, if the Court finds that Dr. Waits' expert report satisfies Rule 26(a)(2)(B), the Government asserts that the Court should prevent Dr. Waits, a specialist, from offering standard of care testimony regarding Mr. Tucker's treating physician, Dr. Urszula Moroz, because she is a general practitioner.[8] The Government contends that Dr. Waits should not be allowed to opine on the standard of care of a general practitioner because he has 26 years of education, knowledge,

---

[5] *Id.*
[6] R. Doc. 34.
[7] R. Doc. 34-1.
[8] *Id.* at p. 2.

training and experience treating cancer patients that a general practitioner like Dr. Moroz does not have.[9]

Plaintiffs oppose the Motion, asserting that Dr. Waits' report and subsequent Declaration, dated August 7, 2019 and submitted with their Opposition brief,[10] satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702.[11] Dr. Waits has opined that the negligent five-month delay in diagnosis and treatment of Mr. Tucker's esophageal cancer diminished Mr. Tucker's survival and/or length of life.[12] Relying exclusively upon the new Declaration, Plaintiffs assert that Dr. Waits is qualified to render such opinions because: (1) he is board certified in internal medicine and oncology and is familiar with the standard of care for both specialties;[13] (2) he is familiar with the pertinent medical literature and has published several oncology articles in peer-reviewed journals; (3) he has reviewed Mr. Tucker's medical records from the VA Hospital, Ochsner Medical Center-West Bank Campus, West Jefferson Medical Center and Metropolitan Gastroenterology; and (4) he routinely interacts with internists and family practice physicians as members of a cancer patient's treatment team.[14] Plaintiffs assert that they obtained the Declaration because they did not learn that the Government had any issues with Dr. Waits' January 4, 2019 report until the Government filed the instant Motion on July 17, 2019.[15]

---

[9] *Id.* at p. 17.
[10] R. Doc. 53-1.
[11] R. Doc. 53.
[12] *Id.* at pp. 1-2.
[13] *Id.* at p. 2 (*citing* R. Doc. 53-1).
[14] R. Doc. 53 at pp. 2-4, 22 (*citing* R. Doc. 53-1); *See* R. Doc. 53 at p. 16.
[15] R. Doc. 53 at p. 19.

Plaintiffs further claim that Dr. Waits' report and Declaration meet the requirements of Fed. R. Civ. P. 26(a)(2)(B) because they both lay out the basis for his opinions and provide a synopsis of his anticipated testimony.[16] Alternatively, if the Court determines that Dr. Waits' report and Declaration do not meet the requirements of Rule 26(a)(2)(B), Plaintiffs request the opportunity for Dr. Waits to correct any perceived deficiencies, either before his August 14, 2019 deposition or before the August 20, 2019 discovery deadline.[17] Plaintiffs further assert that Dr. Waits' opinions are reliable under Fed. R. Evid. 702 because they are based upon his 26 years of knowledge, training and experience, in both internal medicine and oncology, as well as his knowledge of the medical literature and his review of Mr. Tucker's medical records.[18] Plaintiffs point to the Advisory Committee Notes on Rule 702, which indicate that experience alone, or in conjunction with other knowledge, skill, training or education, may provide a sufficient foundation for expert testimony.[19]

In response, the Government first contests Plaintiffs' assertion that they were not informed of any deficiencies in Dr. Waits' report until the Government filed the instant Motion.[20] The Government asserts that its counsel repeatedly told Plaintiffs' counsel, in writing, that Dr. Waits' reports were deficient, and attached several email exchanges between counsel to support its position.[21] The Government maintains that

---

[16] R. Doc. 53 at pp. 19-20.
[17] *Id.* at pp. 2, 20.
[18] *Id.* at pp. 20-21 (*citing* R. Doc. 53-1).
[19] R. Doc. 53 at p. 21 (*citing* Advisory Committee Notes to Fed. R. Evid. 702, 2000 Amendments).
[20] R. Doc. 71.
[21] *Id.* at pp. 2-3 (*citing* R. Docs. 71-2, 71-3).

it was not required to point out deficiencies in Plaintiffs' expert report before the applicable deadlines and that its counsel did so as a professional courtesy and in the spirit of fairness.[22] The Government then argues that Plaintiffs have implicitly admitted that Dr. Waits' January 4, 2019 report did not satisfy Fed. R. Civ. P. 26(a)(2)(B) or Fed. R. Evid. 702 by repeatedly asserting only that his "report and declaration" meet the statutory requirements.[23] The Government does not find this surprising, asserting that Dr. Waits' report, which barely exceeds one page, is "obviously and grossly conclusory."[24]

The Government further argues that the Court should not consider Dr. Waits' 15-page Declaration because it constitutes an untimely supplemental expert report.[25] The Government asserts that the Declaration is not properly before the Court because Plaintiffs failed to seek leave to file or produce an untimely supplemental report, as required by Fed. R. Civ. P. 16(b)(4).[26] As such, the Government claims the Declaration, and any references thereto in Plaintiffs' pleadings, must be stricken. The Government points out that under Fed. R. Civ. P. 26(e), the deadline to file supplemental expert reports is the same deadline for witness and exhibit lists, which in this case was June 17, 2019.[27] The Government asserts that Fed. R. Civ. P. 37 imposes a strict, mandatory and self-effectuating sanction for failure to comply with the expert report requirements of Rules 26(a) or (e), namely a prohibition on the use

---

[22] R. Doc. 71 at p. 3.
[23] *Id.*
[24] *Id.*
[25] *Id.* at pp. 3-4.
[26] *Id.* at p. 4.
[27] *Id.* at p. 5.

of the information or testimony unless the failure was substantially justified or is harmless.[28] The Government argues that under the four-factor test that courts apply to determine whether to exclude a witness, opinion or evidence under Rule 37, Plaintiffs have not provided an explanation for submitting an untimely supplemental expert report, the Government will be prejudiced if the Declaration is considered, a continuance would not cure the prejudice and the importance of the testimony is outweighed by the other factors.[29] Finally, the Government reiterates that Dr. Waits is not qualified to render standard of care testimony for a general practitioner.[30]

## II. Law and Analysis

### A. Dr. Waits' January 4, 2019 report, while thin, satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 26(a)(2)(B) provides that expert witnesses generally must provide an expert report that contains:

> 1. A complete statement of all opinions the witness will express and the basis and reasons for them;
> 2. The facts or data considered by the witness in forming them;
> 3. Any exhibits that will be used to summarize or support them;
> 4. The witness' qualifications, including a list of all publications authored in the previous 10 years;
> 5. A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

---

[28] *Id.* (*quoting* Fed. R. Civ. P. 37(c)(1)).
[29] R. Doc. 71 at pp. 6-10.
[30] *Id.* at pp. 11-12.

> 6. A statement of the compensation to be paid for the study and testimony in the case.

According to the Fifth Circuit, "The expert report should be 'detailed and complete,' stating the testimony that will be presented during direct examination and the reasons therefor."[31] Thus, under Rule 26(a), expert reports must explain the "how" and "why" of the expert's opinions with specificity.[32]

Turning to the first requirement for expert reports under Rule 26(a)(2)(B), the Court finds that Dr. Waits' January 4, 2019 report contains a statement of Dr. Waits' opinions that he will express at trial and the basis for those opinions. The report contains the following opinions:

> 1. There was excessive delay in diagnosing and treating Mr. Tucker's advanced esophageal cancer.
> 2. The delay in diagnosis and treatment likely reduced Mr. Tucker's survival or length of life.
> 3. Any patient who describes dysphagia and food getting "stuck in the throat" along with weight loss of 20 pounds has esophageal cancer until proven otherwise.
> 4. An EGD or barium swallow should have been carried out immediately.
> 5. It is unlikely that Mr. Tucker would have been cured of his esophageal cancer, but based on his stage of disease at diagnosis, it would have been on the order of three to six years based on the fact that his tumor was squamous cell carcinoma.

---

[31] *Honey-Love v. United States*, 664 Fed.Appx. 358, 361 (5th Cir. 2016) (*quoting* Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments)).
[32] *Fulmer v. United States*, Civ. A. No. 17-15943, 2019 WL 1989233, at *3 (E.D. La. May 6, 2019) (citing cases).

> 6. The slow paced evaluation of Mr. Tucker's significant
> dysphagia led to a diminishing of his survival.[33]

The January 4, 2019 report further specifies that Dr. Waits formulated these opinions after reviewing all of Mr. Tucker's medical records.[34] The Court therefore finds that Dr. Waits' January 4, 2019 report satisfies the first requirement of Rule 26(a)(2)(B).

With respect to the second factor, the facts or data considered by the witness in forming his opinions, the Court finds this requirement is also met because the January 4, 2019 report specifies that Dr. Waits' opinions are based upon his review of Mr. Tucker's medical records. The Court finds that the third requirement of Rule 26(a)(2)(B) is neutral in this case, as it appears that Dr. Waits will not use any exhibits to summarize or support his opinions because the January 4, 2019 report does not reference any exhibits. Accordingly, Dr. Waits will not be able to use any exhibits to summarize or support his opinions at trial. The Court further finds that the fourth requirement of Rule 26(a)(2)(B) is met because Dr. Waits provided a curriculum vitae with his expert report, which lists his qualifications and publications in the last 10 years.[35] However, the Court finds that the fifth and sixth factors are not met, as Dr. Waits' January 4, 2019 report fails to list the other cases in which Dr. Waits has testified as an expert in the last four years and fails to state the compensation he received for his study and testimony in this case.

The Court finds that Dr. Waits' January 4, 2019 report is thin, but for the reasons stated above, that it just barely satisfies the requirements of Rule 26(a)(2)(B).

---

[33] R. Doc. 34-2; R. Doc. 53-1.
[34] R. Doc. 34-2 at p. 1; R. Doc. 53-1 at p. 1.
[35] R. Doc. 34-3; R. Doc. 53-1 at pp. 16-19.

The report contains a complete statement of all opinions that Dr. Waits will express and the basis and reasons for them, the report specifies the facts or data Dr. Waits considered in forming his opinions and Dr. Waits has provided a list of his qualifications and all publications that he has authored in the last 10 years. While the report does not mention any exhibits that will be used to summarize or support his opinions, fails to list prior cases in which Dr. Waits has testified as an expert and fails to state Dr. Waits' compensation for his report and testimony in this case, the Court finds that the three most important requirements of Rule 26(a)(2)(B) are met in this case. The Court further notes that the Government had an opportunity to depose Dr. Waits on August 14, 2019, during which the Government could have questioned Dr. Waits extensively about the deficiencies in his report, thereby minimizing any prejudice to the Government from the use of the report. Accordingly, the Court finds that Dr. Waits' January 4, 2019 expert report is admissible because it satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B).

**B. Dr. Waits will be allowed to testify at trial under Fed. R. Evid. 702.**

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving by a preponderance of the evidence that the testimony satisfies Federal Rule of Evidence 702.[36] Federal Rule of Evidence 702, which governs the admissibility of expert testimony,[37] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[36] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[37] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) The testimony is based on sufficient facts or data;
(c) The testimony is the product of reliable principles and methods; and
(d) The expert has reliably applied the principles and methods to the facts of the case.[38]

According to the Fifth Circuit, "The Supreme Court's landmark case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence."[39] Under *Daubert*, trial courts act as gate-keepers overseeing the admission of scientific and non-scientific expert testimony."[40] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[41] Thus, "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[42] Further, "*Daubert* requires a binary choice – admit or exclude – and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[43]

---

[38] Fed. R. Evid. 702.
[39] 288 F.3d 239, 243 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).
[40] *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).
[41] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[42] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[43] *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003).

Because this case is set for a bench trial on September 16, 2019,[44] the objectives of *Daubert*, upon which the instant Motion is premised, are no longer implicated and the need for pre-trial rulings on the admissibility of evidence is significantly reduced.[45] Accordingly, the Court finds that the Motion should be denied at this time.[46] Once Dr. Waits' expert testimony is introduced at trial, the Court will either exclude it at that point, or give it whatever weight it deserves. Although the parties dispute whether Dr. Waits is qualified to render an expert opinion in this case,[47] the Court does not offer an opinion regarding whether Dr. Waits is qualified to testify as an expert, which is a determination to be made at trial.

### C. Dr. Waits' trial testimony shall be limited to the opinions contained in his January 4, 2019 report.

Although Dr. Waits will be allowed to testify at trial, the Court agrees with the Government that Dr. Waits' August 7, 2019 Declaration is an untimely supplemental expert report under Fed. R. Civ. P. 26(e)(2). Rule 26 requires parties to disclose the identity of their expert witnesses and those experts' reports in accordance with the deadlines established by the Court's scheduling order.[48] Here, Plaintiffs' expert report deadline was May 17, 2019.[49] Under Rule 26(e)(2), however, parties have a duty to supplement the information included in an expert report and the information

---

[44] R. Docs. 27 & 41.
[45] *Luwisch v. American Marine Corporation*, Civ. A. No. 17-3241, 2018 WL 3019019, at *3 (E.D. La. June 18, 2018) (citing *United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir. 1993); *Government of the Canal Zone v. Jiminez G.*, 580 F.2d 897, 897 (5th Cir. 1978)).
[46] *Thompson v. Rowan Companies, Inc.*, Civ. A. No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007); *Eagle Lake Estates, L.L.C. v. Cabot Oil & Gas Corp.*, Civ. A. No. 04-169, 2005 WL 3541056, at *1 (E.D. La. Oct. 31, 2005).
[47] *See* R. Doc. 34 at pp. 14-17; R. Doc. 53 at pp. 14-17, 21-22.
[48] Fed. R. Civ. P. 26(a)(2).
[49] R. Doc. 27.

given during the expert's deposition. That provision specifically requires that, "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."[50] Rule 26(a)(3), in turn, sets forth the deadline for the parties to provide their witness and exhibit lists and requires that such disclosures be made at the time ordered by the Court. In the instant case, that deadline was June 17, 2019.[51] Plaintiffs, however, did not produce Dr. Waits' Declaration until August 12, 2019.[52] Thus, the Court finds that Dr. Waits' Declaration is an untimely supplemental expert report.

As this Court has previously explained, "The failure to meet a court-ordered deadline for supplementing an expert report is no trifling matter."[53] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[54] Thus, exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness.[55] Here, the only explanation provided for the late disclosure of Dr. Waits' supplemental report is Plaintiffs' assertion that they "did not learn that the Defendant had any issues with the report dated January 4, 2019 until July 17, 2019, when the instant motion was filed."[56] The

---

[50] Fed. R. Civ. P. 26(e)(2).
[51] R. Doc. 27 at p. 2.
[52] R. Doc. 53-1.
[53] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, Civ. A. No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012).
[54] Fed. R. Civ. P. 37(c)(1).
[55] *See Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996).
[56] R. Doc. 53 at p. 19 (*citing* R. Doc. 53-1).

emails attached to the Government's Reply brief, however, directly contradict Plaintiffs' position, which is troubling. The emails show that the Government's counsel repeatedly informed Plaintiffs' counsel, months before Plaintiffs' expert report deadline and without any obligation to do so, that he believed Plaintiffs' expert report did not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B).[57] The Court therefore finds that Plaintiffs' failure to provide a timely supplemental expert report was not substantially justified. Courts within this Circuit have routinely found substantial justification lacking in similar circumstances.[58]

The Court further finds that the introduction of Dr. Waits' August 7, 2019 Declaration would not be harmless. In determining whether a party's failure to disclose is harmless, courts consider the following factors: (1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence.[59] As discussed above, Plaintiffs have offered no reasonable explanation for their failure to timely disclose Dr. Waits' supplemental report, thus the first factor weighs in favor of exclusion. As to to the second factor, the Court finds that permitting Plaintiffs to use this evidence would unfairly prejudice the Government's case. "The underlying purpose of an expert reports is to notify opposing parties of the scope and content of the expert's proposed testimony."[60] Here, the Government asserts that it is obviously prejudiced by the late supplemental

---

[57] R. Docs. 71-2, 71-3 & 71-4.
[58] *See Red Dot Bldgs.*, Civ. A. No. 11-1142, 2012 WL 2061904, at *4 (citing cases).
[59] *Id.* (citing *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)).
[60] *Matthews v. Allstate Ins. Co.*, 731 F.Supp.2d 552, 559 (E.D. La. 2010) (citation omitted).

report because its own expert, Dr. Christopher DuCoin, prepared an expert report based solely on the opinions contained in Dr. Waits' January 4, 2019 report, and because Dr. DuCoin has neither seen the new opinions in Dr. Waits' Declaration nor had the opportunity to address them in his own report.[61] The Government further asserts that it has prepared lengthy motions in limine and a motion for summary judgment based largely upon the deficiencies in Dr. Waits' original report. Because the Government's deadline to provide a supplemental expert report has passed, the Court finds that the Government will be prejudiced by the Plaintiffs' use of Dr. Waits' untimely supplemental report.

The Court further finds that while a continuance of the trial could alleviate this prejudice, the Government adamantly opposes a continuance and, as the Fifth Circuit has recognized, delaying a trial is "never . . . ideal."[62] The Court also agrees with the Government that granting a continuance would encourage similar tactics in the future.[63] A continuance would also condone Plaintiffs' failure to comply with the Scheduling Order deadlines, "which is behavior this Court is not eager to encourage."[64] The Court further notes that the Complaint was filed on April 18, 2018[65] and trial has already been continued one time.[66]

---

[61] R. Doc. 71 at p. 9.
[62] *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 507 (5th Cir. 1990), *superseded by statute on other grounds,* as noted in *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).
[63] R. Doc. 71 at p. 10.
[64] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, Civ. A. No. 11-1142, 2012 WL 2061904, at *4 (E.D. La. June 7, 2012) (citing *Phillips v. Gen. Mors Corp.,* Civ. A. No. 99-3423, 2000 WL 1285380, at *5 (E.D. La. Sept. 12, 2000)).
[65] R. Doc. 1.
[66] R. Doc. 24.

Turning to the fourth and final factor, the Court finds that the importance of any additional opinions contained in Dr. Waits' Declaration "cannot singularly override the enforcement of local rules and scheduling orders."[67] The Court further notes that Plaintiffs have not asserted that the opinions contained in Dr. Waits' untimely Declaration are based upon Dr. Waits' review of any new or previously unavailable information. Instead, Plaintiffs readily admit that they obtained Dr. Waits' Declaration in response to the Government filing the instant Motion.[68] Thus, the fourth factor also weighs in favor of excluding the Declaration.

Accordingly, because the Court finds that the untimely disclosure of Dr. Waits' Declaration was neither substantially justified nor harmless, the Government's Motion is granted in part, and Dr. Waits' August 7, 2019 Declaration shall be excluded, limiting Dr. Waits' testimony and opinions to those set forth in his original expert report dated January 4, 2019.

### III. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED** that the Government's Motion in Limine to Exclude the Written Report and Testimony of Plaintiffs' Retained Expert Witness, Dr. Thomas Waits[69] is **GRANTED in part** and **DENIED in part**. The Motion is **DENIED** to the extent that the Government seeks to exclude Dr. Waits' testimony and January 4, 2019 expert report. However, the Motion is **GRANTED** to the extent that Dr. Waits' August 7, 2019 Declaration shall

---

[67] *Rushing*, 185 F.3d at 509.
[68] R. Doc. 53 at p. 19.
[69] R. Doc. 34.

be excluded, limiting Dr. Waits' testimony and opinions to those set forth in his January 4, 2019 expert report.

New Orleans, Louisiana, September 4, 2019.

**WENDY B. VITTER**
**United States District Judge**