# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| INELL TUCKER, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-4056-WBV-MBN |
| UNITED STATES OF AMERICA | SECTION: D (5) |

## ORDER AND REASONS

Before the Court is the Plaintiffs' Motion *In Limine* to Exclude the Testimony of Defendant's Expert, Dr. Christopher DuCoin.[1] The Motion is opposed[2] and the Plaintiffs have filed a Reply.[3] For the reasons that follow, the Motion is **DENIED**.

### I.  Background

On April 18, 2018, Inell Tucker, Tanya Craft and Chukym Tucker (collectively, "Plaintiffs"), filed a Complaint in this Court, seeking damages under the Federal Tort Claims Act for the death of Terry Tucker.[4] Plaintiffs sued the United States of America as the operator of the Southeast Louisiana Veterans Healthcare Services healthcare facility in New Orleans (the "VA Hospital"), alleging that Mr. Tucker died of esophageal cancer due to the medical malpractice of his healthcare providers at the VA Hospital, including Dr. Urszula Moroz, who failed to timely diagnose and treat

---

[1] R. Doc. 37.
[2] R. Doc. 50.
[3] R. Doc. 62.
[4] R. Doc. 1.

his condition.[5] A bench trial is scheduled to commence in this matter on September 16, 2019.[6]

Plaintiffs filed the instant Motion on July 17, 2019, seeking to exclude the testimony of the Government's expert witness, Dr. Christopher DuCoin, under Federal Rule of Evidence 702.[7] Plaintiffs allege that Dr. DuCoin is not qualified to opine on the issue of medical causation under Rule 702 or La. R.S. 9:2794 because he is a general surgeon and this case involves the failure to diagnose esophageal cancer, which is an oncological issue.[8] Plaintiffs argue that Dr. DuCoin is not qualified to testify in the field of oncology because he admitted under oath that: (1) he was only in his first year of private practice in general surgery at the time of the delayed diagnosis in 2015; (2) he is not fellowship-trained or board certified in surgical oncology; (3) esophageal cancer represents only 10% of his practice and, as a surgeon, he removes the mass but does not diagnose the cancer; (4) a patient's survival rate is determined by a medical oncologist, not a general surgeon; (5) an oncologist determines whether and to what extent a patient receives radiation and chemotherapy; and (6) the literature he reviewed in reaching the conclusions in his expert report is an oncology study.[9] As such, Plaintiffs argue that Dr. DuCoin must be prohibited from testifying at trial under Fed. R. Evid. 702. Alternatively, Plaintiffs

---

[5] *Id.*
[6] R. Docs. 27 & 41.
[7] R. Doc. 37.
[8] R. Doc. 37-1 at pp. 1-4.
[9] *Id.* at pp. 4-5 (*citing* R. Doc. 37-3).

assert that the Court should limit Dr. DuCoin's testimony to the issue of whether Mr. Tucker's cancer was operable, since he is a surgeon.[10]

The Government opposes the Motion, asserting that Dr. DuCoin easily satisfies the standards of both La. R.S. 9:2794(D)(1) and Fed. R. Evid. 702 and, therefore, is qualified to offer standard of care testimony as to the issue of medical causation.[11] Specifically, the Government asserts that Dr. DuCoin has been practicing medicine continuously since April 2015, prior to the alleged medical malpractice in this case, that his general surgery residency and two fellowships in minimally invasive surgery involved extensive care and treatment of patients with cancer, including esophageal cancer, and that Dr. DuCoin treated approximately 20-30 patients a year for four years of his clinical practice who had been diagnosed with esophageal cancer.[12] The Government points out that for a majority of those 80-120 patients, Dr. DuCoin ordered testing to determine the stage of the cancer and, among other things, frequently determined a patient's survival rate based on his education, training, past experience and knowledge of the relevant medical literature.[13] The Government disputes each of the Plaintiffs' six arguments regarding why Dr. DuCoin is not qualified to offer medical causation testimony in this case, emphasizing that he provided comprehensive care to esophageal cancer patients during his first year of private practice and that board certification in a particular field is just one factor that

---

[10] R. Doc. 37-1 at pp. 1, 5.
[11] R. Doc. 50 at pp. 1-2.
[12] R. Doc. 50 at pp. 2-3.
[13] *Id*. at pp. 3-4.

courts should consider and not a determinative factor.[14]  The Government argues that none of the Plaintiffs' six arguments, in isolation or considered together, demonstrate that Dr. DuCoin is unqualified to offer medical causation testimony in this case.[15]

In response, Plaintiffs assert that because this case involves the failure to diagnose cancer and a delay in the diagnosis, expertise in medical oncology or pathology is required to prove causation and the resulting damages.[16]  Although the Government claims that Dr. DuCoin has extensive experience providing comprehensive care to esophageal cancer patients and that his fellowship education and training involved the treatment of patients with esophageal cancer, Plaintiffs argue that experience does not make Dr. DuCoin an expert in oncology or pathology.[17]  Thus, Plaintiffs maintain that Dr. DuCoin is not qualified to render opinions on medical causation in this case.

## II.  Law and Analysis

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving by a preponderance of the evidence that the testimony satisfies Federal Rule of Evidence 702.[18]  Rule 702 provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact

---

[14] *Id*. at pp. 4-7.
[15] *Id*. at p. 7.
[16] R. Doc. 62 at p. 1 (citing *Fulmer v. United States*, Civ. A. No. 17-15943, 2019 WL 1989233 (E.D. La. May 6, 2019)).
[17] R. Doc. 62 at p. 2.
[18] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

> to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[19]

According to the Fifth Circuit, "The Supreme Court's landmark case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.* provides the analytical framework for determining whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence."[20] Under *Daubert*, trial courts act as gate-keepers overseeing the admission of scientific and non-scientific expert testimony."[21] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[22] Thus, "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury."[23] Further, "*Daubert* requires a binary choice – admit or exclude – and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves."[24]

Because this case is set for a bench trial on September 16, 2019,[25] the objectives of *Daubert*, upon which the instant Motion is premised, are no longer implicated and

---

[19] Fed. R. Evid. 702.
[20] 288 F.3d 239, 243 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).
[21] *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)).
[22] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[23] *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).
[24] *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003).
[25] R. Docs. 27 & 41.

the need for pre-trial rulings on the admissibility of evidence is significantly reduced.[26] Accordingly, the Court finds that the Motion should be denied at this time.[27] Once Dr. DuCoin's expert testimony is introduced at trial, the Court will either exclude it at that point, or give it whatever weight it deserves. Although the parties dispute whether Dr. DuCoin is qualified to render an expert opinion in this case, the Court does not offer an opinion regarding whether Dr. DuCoin is qualified to testify as an expert, which is a determination to be made at trial.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion *In Limine* to Exclude the Testimony of Defendant's Expert, Dr. Christopher DuCoin[28] is **DENIED.**

New Orleans, Louisiana, September 5, 2019.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[26] *Luwisch v. American Marine Corporation*, Civ. A. No. 17-3241, 2018 WL 3019019, at *3 (E.D. La. June 18, 2018) (citing *United States v. Cardenas*, 9 F.3d 1139, 1154 (5th Cir. 1993); *Government of the Canal Zone v. Jiminez G.*, 580 F.2d 897, 897 (5th Cir. 1978)).
[27] *Thompson v. Rowan Companies, Inc.*, Civ. A. No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007); *Eagle Lake Estates, L.L.C. v. Cabot Oil & Gas Corp.*, Civ. A. No. 04-169, 2005 WL 3541056, at *1 (E.D. La. Oct. 31, 2005).
[28] R. Doc. 37.