# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **INELL TUCKER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4056-WBV-MBN** |
| **UNITED STATES OF AMERICA** | **SECTION: D (5)** |

## ORDER AND REASONS

Before the Court is the Government's Motion for Summary Judgment.[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **DENIED**.

### I. Background

On April 18, 2018, Inell Tucker, Tanya Craft and Chukym Tucker (collectively, "Plaintiffs"), filed a Complaint in this Court, seeking damages under the Federal Tort Claims Act for the death of Terry Tucker.[3] Plaintiffs sued the United States of America as the operator of the Southeast Louisiana Veterans Healthcare Services healthcare facility in New Orleans (the "VA Hospital"), alleging that Mr. Tucker died of esophageal cancer due to the medical malpractice of his healthcare providers at the VA Hospital, including Dr. Urszula Moroz, who failed to timely diagnose and treat his condition.[4]

---

[1] R. Doc. 35.
[2] R. Doc. 58.
[3] R. Doc. 1.
[4] *Id.*

The Government filed the instant Motion on July 17, 2019, seeking dismissal of Plaintiffs' lawsuit with prejudice under Federal Rule of Civil Procedure 56.[5] The Government argues that expert testimony is required to establish the essential elements of Plaintiffs' medical malpractice claim against it, and, if the Court grants both of the Government's motions in limine filed contemporaneously with the instant Motion,[6] Plaintiffs will not have an expert witness to establish these essential elements of their claim.[7] Thus, the Government asserts that, "The Court should only consider this motion if it grants the two motions in limine filed by the United States regarding the testimony of Terry Tucker's treating physicians, R. Doc. 33, and the written report and testimony of Plaintiffs' retained expert witness, Dr. Thomas Waits, R. Doc. 34."[8] The Government then asserts that, "If the Court denies either of those motions, particularly R. Doc. 34, the Court should deny this motion as moot."[9]

Plaintiffs oppose the Motion, asserting that they have submitted competent expert testimony to establish a prima facie case of medical malpractice.[10] Plaintiffs point out that their expert, Dr. Thomas Waits, a board certified internist and medical oncologist, has reviewed Mr. Tucker's medical records and opined that the five-month delay in diagnosis and treatment of his esophageal cancer diminished Mr. Tucker's survival and/or length of life. Plaintiffs assert that Dr. Waits has provided an expert report and that his deposition is scheduled for August 14, 2019.[11] Plaintiffs then

---

[5] R. Doc. 35.
[6] *See* R. Docs. 33 & 34.
[7] R. Doc. 35-1 at pp. 1-2.
[8] R. Doc. 35 at p. 1; R. Doc. 35-1 at p. 1.
[9] R. Doc. 35 at p. 1; R. Doc. 35-1 at p. 1.
[10] R. Doc. 58.
[11] *Id.* at pp. 1-2. The Court notes that Plaintiffs' filed their Opposition brief on August 13, 2019.

provide a detailed review of Mr. Tucker's medical treatment between August 2015 and his death on March 4, 2016 before addressing Dr. Waits' qualifications and opinions.[12] Plaintiffs argue that nearly all of the expert and/or physician witnesses who have been deposed in this case substantially agree with Dr. Waits' opinions regarding the standard of care in this case, which was not followed by Dr. Moroz at the VA Hospital.[13] Plaintiffs maintain that Dr. Waits is the only expert qualified to testify regarding medical causation in this case, and that he has opined that the negligent delay in diagnosing and treating Mr. Tucker's esophageal cancer caused Mr. Tucker to lose the chance of a better medical outcome. As such, Plaintiffs argue that the Motion must be denied.

## II. Law and Analysis

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[14] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[15] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in

---

[12] *Id.* at pp. 2-13.
[13] *Id.* at pp. 23-24.
[14] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[15] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[16] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.[17] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[18]

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[19] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[20]

In the instant case, it is clear that summary judgment is not proper, as genuine issues of material fact remain in dispute. One of the most obvious material facts in dispute is whether Dr. Moroz, the physician who treated Mr. Tucker at the VA Hospital, breached the standard of care in this case. This fact goes to the crux of Plaintiffs' medical malpractice claim, and cannot be ascertained on the material

---

[16] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.
[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[19] *Little*, 37 F.3d at 1075.
[20] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

submitted. For this reason, the Government's Motion for Summary Judgment must be denied.

Additionally, the Government has repeatedly advised the Court [21] that it should only consider this Motion if the Court grants the Government's two motions in limine filed contemporaneously with the instant Motion, regarding the testimony of Mr. Tucker's treating physicians [22] and the written report and testimony of Plaintiffs' retained expert, Dr. Waits.[23] The Government has specifically requested that, "If the Court denies either of those motions, particularly R. Doc. 34, the Court should deny this motion as moot."[24] Because the Court has denied in part R. Doc. 34, denying the Government's request to exclude the written report and testimony of Plaintiffs' expert, Dr. Waits, [25] the sole basis for the Government's Motion for Summary Judgment – Plaintiffs' lack of expert testimony to establish the essential elements of their medical malpractice claim – is now moot. Accordingly, the Motion must be denied.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Government's

---

[21] R. Doc. 35 at p. 1; R. Doc. 35-1 at p. 1.
[22] R. Doc. 33.
[23] R. Doc. 34.
[24] R. Doc. 35 at p.1; R. Doc. 35-1 at p. 1.
[25] R. Doc. 75.

Motion for Summary Judgment[26] is **DENIED.**

New Orleans, Louisiana, September 5, 2019.

                                                  */s/ Wendy B. Vitter*
                                                  **WENDY B. VITTER**
                                                  **United States District Judge**

---

[26] R. Doc. 35.